**STATE of Minnesota, Respondent,**

v.

**Willie James EVANS, Appellant.**

**No. C1–83–1530.**

Court of Appeals of Minnesota.

Feb. 8, 1984.

Franklin J. Knoll, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Richard Osborne, Asst. County Atty., Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER, and WOZNIAK, JJ., without oral argument.

## MEMORANDUM OPINION AND ORDER

POPOVICH, Chief Judge.

### FACTS

On July 19, 1983, the trial court denied appellant's motion for a new trial and appellant was sentenced. On October 6, 1983, a notice of appeal was filed with this court appealing from, inter alia, alleged irregularities in the voir dire examination of the jury. In voir dire there was no court reporter and no record of the proceedings was made. Thereafter, before the district court record was transferred to the Court of Appeals, appellant's counsel filed with the district court filing department an affidavit based on his notes taken during voir dire. The affidavit of counsel was placed in the district court file and transferred to the Court of Appeals. Appellant then included the affidavit as Appendix A to appellant's brief.

Respondent moves for an order striking Appendix A as not properly before this court.

### ANALYSIS

■ 1. Rule 28.02, subd. 8, Minn.R. Crim.P., provides:

The record on appeal shall consist of the papers filed in the trial court, the offered exhibits, and the transcript of the proceedings, if any.

The affidavit containing counsel's notes was not a part of the underlying proceedings or filed during the pendency of those proceedings.

■ 2. Rule 110.03, Minn.R.Civ.App.P., provides for a statement of the proceedings where no transcript is available:

If no report of all or any part of the proceedings at a hearing or trial was made, of if a transcript is unavailable, the appellant, within 15 days after service of the notice of appeal, may prepare a statement of the proceedings from the best available means, including his recollection. The statement shall be served on the respondent, who may serve objections or propose amendments within 15 days after service. The statement and any objections or proposed amendments then shall be submitted to the trial court, and the statement as approved by the trial court shall be included in the record. The trial court's approval of the statement shall be filed with the clerk of the appellate courts within 60 days of the filing of the notice of appeal.

In this matter, the requirements of Rule 110.03 have not been met. The affidavit was not served on respondent within 15 days of the notice of appeal. It was not submitted to the trial court for approval.

3. The required notice of intent to proceed with the statement of the proceedings was not filed, as required by Rule 110.02, subd. 1(b), within 10 days of the filing of the notice of appeal.

4. Rule 28.01, subd. 2, Minn.R.Crim.P., provides that the Rules of Civil Appellate Procedure apply in criminal cases only where the criminal rules do not.

5. Rule 28.02, subd. 8, provides, in pertinent part:

> In lieu of the record as defined by this rule, the parties may within 60 days after filing of the notice of appeal, prepare, sign, and file with the clerk of trial court a statement of the case showing how the issues presented by the appeal arose and were decided in the trial court, stating only the claims and facts essential to a decision. If the statement is accurate, it, together with such additions as the trial court may consider necessary to present the issues raised by the appeal, shall be approved by the trial court and shall be the record on appeal. Any recitation of the essential facts of the case, conclusions of law, and a memorandum relating thereto of the trial court shall be included with the record. If the appellant intends to proceed on appeal with a statement of the case under this rule. rather than by obtaining a transcript, or without a statement of the case or transcript, he shall serve notice of his intent to do so on respondent and the clerk of the trial court and file the notice with the clerk of the appellate courts all within the time provided for ordering a transcript.

Service of a joint statement on the trial court was not made and no notice of intent to file a statement was served with the Court of Appeals.

6. Rule 102, Minn.R.Civ.App.P., provides for suspension of the rules for good cause shown. Appellant now seeks to have the affidavit of counsel, submitted as Appendix A, accepted under this rule.

Good cause has not been shown. Appellant was free to make a record at the trial level, but failed to do so. Appellant could have supplied a proper statement as to the proceedings at the trial level but has not.

### DECISION AND ORDER

1. Appendix A of appellant's brief in its entirety, is stricken; and

2. Respondent may serve and file its brief on or prior to February 28, 1984.